# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

In re:

RANDY R. FOSTER and        Case No. 04-23235
BEVERLY J. FOSTER,        Chapter 7
       Debtors.        Hon. Walter Shapero
_____/

KAREN E. EVANGELISTA,
Chapter 7 Trustee,


       Plaintiff


v.        Adv. Pro. No. 06-02021


JOHN HUGUELET and
CHARLENE HUGUELET,


       Defendants.
_____/

## PRELIMINARY OPINION IN CONNECTION WITH
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

       Trustee seeks summary judgment on her claim that the Defendants at the time of the filing of this case were individually indebted to the Debtors on an obligation, the remaining balance of which is $13,000. The Court finds the facts are that on June 9, 2003, Debtors and Defendants executed a partnership agreement to operate a business known as Tiger Trucking, a business which had previously been owned and operated solely by the Defendants. Between the provisions of the partnership agreement itself and the admissions by the Defendants during the hearing before the Court, incident to the formation of that partnership, Debtors' partnership made a contribution to the partnership of $28,000, and the Defendants individually agreed to repay Debtors one-half (½) of that, or $14,000, at the rate of $100 per week. Only one payment was made. The partners then had a falling out resulting in state court litigation culminating in a Judgment and Decree of Dissolution dated May 7, 2004 which, among other things, obligated Debtor, Randy Ray Foster, to wind up the partnership affairs including paying the partnership liabilities out of the partnership assets, and rendering a final accounting, etc. Debtors did proceed to liquidate the partnership's principal assets under terms and conditions (the propriety of which Defendants question).

Defendants also allege claims against Debtors incident to the winding up of the partnership affairs, which, if true, might afford them claims against the Debtor, Randy Ray Foster, which arose or had their inception in actions taken before the Debtors filed their bankruptcy case on August 16, 2004.

It would thus appear that Defendants were indebted to Debtors in the amount claimed, and but for the Defendants' claims against the Debtors, such would entitle the Trustee to summary judgment. However, the claims of Defendants against Debtor, Randy Ray Foster, arising apparently out of the manner in which he carried out his Court ordered obligations to wind up the affairs of the partnership, on their face at least, seem to come within the offset provisions of 11 U.S.C. § 553, generally reserving rights to same under stated conditions.

Therefore, the court is refraining at this time from entering the requested Summary Judgment until there is some appropriate disposition and airing of those offset claims in some appropriate forum, (which could very well be the State Court which ordered the winding up), under a procedure or schedule the Court will discuss and develop with the parties at a status conference to be held on **Friday, August 11, 2006, at 3:00 p.m.**

cc:
Thomas J. Budzynski
John Huguelet
Charlene Huguelet

Entered: July 06, 2006

/s/ Walter Shapero
Walter Shapero
United States Bankruptcy Judge